IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 3:18-cv-00094 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TODD J. CHANDLEE, | ) |
| | ) |
| Defendant. | ) |

# COMPLAINT

Plaintiff United States of America makes the following allegations for its complaint against defendant Todd J. Chandlee.

1. The United States brings suit to: (1) reduce to judgment nondischargeable federal income tax assessments made against defendant Todd J. Chandlee.

## Jurisdiction and Venue

2. This action is commenced at the request of and has been authorized by a delegate of the Secretary of the Treasury, and is brought at the direction of a delegate of the United States Attorney General pursuant to 26 U.S.C. § 7401.

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. § 7402.

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1396 because this is the district where defendant Todd J. Chandlee resides and where the liabilities for the taxes at issue accrued.

**Parties**

5. Plaintiff is the United States of America.

6. Defendant Todd J. Chandlee, whose federal income tax liabilities are at issue in this suit, resides in Washington County, Iowa, within this judicial district.

### COUNT I: REDUCE NONDISCHARGEABLE FEDERAL INCOME TAX ASSESSMENTS TO JUDGMENT
### 26 U.S.C. § 7402

7. Defendant failed to timely file a federal income tax return for the 2002 tax year.

8. In the absence of his filed tax return, the IRS determined the defendant's 2002 tax liability.

9. In August 2006, the IRS sent the defendant a statutory notice of deficiency for the 2002 tax year, asserting that the defendant had a tax deficiency of $69,941 and owed various penalties pursuant to 26 U.S.C. §§ 6651(a) and 6654(a). The letter advised the defendant that he owed federal income tax for the 2002 tax year and further advised that the IRS planned to assess tax and interest against him. The letter explained that, if the defendant wanted to contest this determination in court before making a payment, he had 90 days to file a petition with the U.S. Tax Court.

10. By May 2007, the defendant had not responded to the IRS's notice of deficiency. The defendant did not otherwise participate or assist the IRS in determining his 2002 federal income tax liability.

11. In the absence of a response to the notice of deficiency, in May 2007, the IRS closed the notice of deficiency.

12. On June 18, 2007, a representative of the IRS made an assessment against the defendant for $69,941 in unpaid tax for the 2002 tax year, and assessed additional amounts for interest and penalties. The IRS sent notice of the assessment and demand for payment to the

defendant on or about the date of assessment. The defendant has failed to pay the assessed liabilities.

13. All penalties assessed against the defendant for the 2002 tax year, and interest on the penalties, were discharged in connection with the defendant's Chapter 7 bankruptcy petitions.

14. As of September 14, 2018, the total balance due on the defendant's 2002 federal income tax liabilities, including interest and without penalties, is $140,963.45.

15. Defendant failed to timely file a federal income tax return for the 2003 tax year.

16. In the absence of his filed tax return, the IRS determined the defendant's 2003 tax liability.

17. In August of 2006, the IRS sent the defendant a statutory notice of deficiency for the 2003 tax year, asserting that the defendant had a tax deficiency of $23,225 and owed various penalties pursuant to 26 U.S.C. §§ 6651(a) and 6654(a). The letter advised the defendant that he owed federal income tax for the 2003 tax year and further advised that the IRS planned to assess tax and interest against him. The letter explained that, if the defendant wanted to contest this determination in court before making a payment, he had 90 days to file a petition with the U.S. Tax Court.

18. By February 2007, the defendant had not responded to the IRS's notice of deficiency. The defendant did not otherwise participate or assist the IRS in determining his 2003 federal income tax liability.

19. In the absence of a response to the notice of deficiency, in February 2007, the IRS closed the notice of deficiency.

20. On March 12, 2007, a representative of the IRS made an assessment against the defendant for $23,225 in unpaid tax for the 2003 tax year, and assessed additional amounts for

interest and penalties. The IRS sent notice of the assessment and demand for payment to the defendant on or about the date of assessment. The defendant has failed to pay the assessed liabilities.

21. All penalties assessed against the defendant for the 2003 tax year, and interest on the penalties, were discharged in the defendant's Chapter 7 bankruptcy petitions.

22. As of September 14, 2018, the total balance due on the defendant's 2003 federal income tax liabilities, including interest, and without penalties, is $40,914.48.

### Defendant's Bankruptcy Filings Extended the Statute of Limitations to Collect his Tax Debts

23. On September 2, 2008, the defendant filed a Chapter 7 voluntary bankruptcy petition. *See In re Chandlee* ("*Chandlee I*"), Case No. 08-03350 (Bankr. S.D. Iowa).

24. On December 30, 2008, the bankruptcy court issued an order of discharge in *Chandlee I* under Chapter 7 of the Bankruptcy Code.

25. On October 22, 2017, the defendant filed a second Chapter 7 voluntary bankruptcy petition. *See In re Chandlee* ("*Chandlee II*"), Case No. 17-02152 (Bankr. S.D. Iowa).

26. On January 23, 2018, the bankruptcy court issued an order of discharge in *Chandlee II* under Chapter 7 of the Bankruptcy Code.

27. The statute of limitations for collecting the defendant's federal income tax debts for the 2002 and 2003 tax years was suspended during the pendency of each of his bankruptcy proceedings, and for six months following each proceeding. *See* 26 U.S.C. § 6503(h).

### Defendant's Federal Tax Debts are Nondischargeable

28. Although the defendant received a general bankruptcy discharge in *Chandlee I* on December 30, 2008, his federal income tax debts for the 2002 and 2003 tax years were excepted

from discharge by 11 U.S.C. § 523(a)(1)(B)(i) because, as set forth above, he did not file a federal income tax return for these years.

29. Although the defendant received a general bankruptcy discharge in *Chandlee II* on January 23, 2018, his federal income tax debts for the 2002 and 2003 tax years are excepted from discharge by 11 U.S.C. § 523(a)(1)(B)(i) because, as set forth above, he did not file a federal income tax return for these years.

30. The IRS did not receive a federal income tax return for the 2002 or 2003 tax years that was completed, executed, and filed by the defendant.

31. The defendant does not have a certified or registered mail receipt showing that he sent federal income tax returns to the IRS for the 2002 or 2003 tax years.

32. The defendant has no direct proof of postmark showing that any federal income tax return for the 2002 or 2003 tax years was postmarked and sent to the IRS.

33. On December 28, 2017, the defendant filed an adversary complaint in connection with *Chandlee II* ("the adversary proceeding"), seeking a determination that his federal tax debts for the 2002, 2003, 2004, and 2012 tax years are dischargeable. *See Chandlee v. United States IRS*, Adv. No. 17-30061 (Bankr. S.D. Iowa).

34. The United States answered the adversary complaint, and asserted, as relevant here, that the defendant's federal tax debts for the 2002 and 2003 tax years are excepted from discharge by 11 U.S.C. § 523(a)(1)(B)(i). *See* Answer, ECF No. 8, Adv. No. 17-30061 (Bankr. S.D. Iowa).

35. Discovery in the adversary proceeding has closed. The United States' summary judgment motion is pending.

36. The bankruptcy court has scheduled a hearing on the government's summary judgment motion for October 30, 2018.

37. This complaint is filed to preserve the statute of limitations pending the bankruptcy court's ruling on the United States' summary judgment motion.

38. By virtue of the assessments described in paragraphs 12, 14, 20, and 22, and the fact that these liabilities are excepted from discharge in the defendant's bankruptcy proceedings, the defendant owes the United States a total of $181,877.93 as of September 14, 2018, plus interest that will continue to accrue after September 14, 2018, until the tax is paid in full.

WHEREFORE, the United States requests this Court enter judgment in its favor on Count I as follows:

a) Enter judgment in favor of the United States and against defendant Todd Chandlee regarding his past-due federal income taxes for the 2002 and 2003 tax years in the amount of $181,877.93, plus statutory interest and additions accruing after September 14, 2018, until the judgment is paid in full; and

b) Award the United States its costs and expenses incurred in this suit and such other and further relief as the Court deems just and proper.

Dated: September 28, 2018                     Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*/s/ Erin E. Lindgren*
ERIN E. LINDGREN
Trial Attorney, Tax Division
U.S. Department of Justice
Minn. Bar No. 0392617

P.O. Box 7238
Washington, D.C. 20044
202-353-0013 (v)
202-514-6770 (f)
Erin.Lindgren@usdoj.gov

Of Counsel:

MARC KRICKBAUM
U.S. Attorney

*/s/ Mary Luxa*_____
MARY LUXA
Assistant U.S. Attorney
U.S. Courthouse Annex
110 East Court Avenue
Des Moines, IA 50309
(514) 473-9303
Mary.Luxa@usdoj.gov

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
          THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1  U.S. Government Plaintiff
- ❏ 2  U.S. Government Defendant
- ❏ 3  Federal Question *(U.S. Government Not a Party)*
- ❏ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | | **LABOR** | ❏ 840 Trademark | ❏ 460 Deportation |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | **PERSONAL PROPERTY** | ❏ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 370 Other Fraud | ❏ 720 Labor/Management Relations | ❏ 861 HIA (1395ff) | ❏ 480 Consumer Credit |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 371 Truth in Lending | ❏ 740 Railway Labor Act | ❏ 862 Black Lung (923) | ❏ 490 Cable/Sat TV |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 380 Other Personal Property Damage | ❏ 751 Family and Medical Leave Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 196 Franchise | | ❏ 385 Property Damage Product Liability | ❏ 790 Other Labor Litigation | ❏ 864 SSID Title XVI | ❏ 890 Other Statutory Actions |
| | | | ❏ 791 Employee Retirement Income Security Act | ❏ 865 RSI (405(g)) | ❏ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ❏ 893 Environmental Matters |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ❏ 895 Freedom of Information Act |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 896 Arbitration |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | ❏ 950 Constitutionality of State Statutes |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❏ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation - Transfer
- ❏ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ❏ Yes   ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)  Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)  County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)  Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.  Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.  Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.  Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.  Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.  Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.  Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.